17-3839
*Luke Weinstein v. University of Connecticut, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand eighteen.

Present:
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*,
> PAUL A. CROTTY,
> > *District Judge*.\*

_____

LUKE WEINSTEIN,

> *Plaintiff-Appellant*,

> v.                                                              17-3839

UNIVERSITY OF CONNECTICUT,
P. CHRISTOPHER EARLEY

> *Defendants-Appellees*

_____

For Plaintiff-Appellant:              TODD STEIGMAN, (Jacques J. Parenteau *on the brief*), Madsen, Prestley & Parenteau, LLC, Hartford, Connecticut

_____

\* Judge Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

For Defendants-Appellees:　　　　　NANCY A. BROUILLET, Assistant Attorney General (Erik T. Lohr, Assistant Attorney General, *on the brief*), for George Jepsen, Attorney General for the State of Connecticut, Hartford, Connecticut

Appeal from a judgment of the United States District Court for the District of Connecticut (Eginton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Luke Weinstein appeals from an award of summary judgment to the former dean of the University of Connecticut's School of Business, P. Christopher Earley, entered on November 1, 2017, on Weinstein's First Amendment claim of employer retaliation, brought pursuant to 42 U.S.C. § 1983.

We review a district court's grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). We may affirm on any grounds supported by the record, whether or not relied upon by the district court. *See Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A plaintiff claiming First Amendment retaliation must make a *prima facie* showing of (1) constitutionally protected speech, (2) an adverse action, and (3) a causal connection between that adverse action and the protected speech. *Matthews v. City of New York*, 779 F.3d 167, 172 (2d Cir. 2015). The doctrine in this area balances two important interests: "Government employers, like

private employers, need a significant degree of control over their employees' words and actions," and yet, "public employees do not surrender all their First Amendment rights by reason of their employment." *Garcetti v. Ceballos*, 547 U.S. 410, 417-18 (2006).

Weinstein asserts that the district court erred in holding that a labor grievance he filed with the University was not protected speech. He also claims that the district court improperly decided disputed issues of fact in applying the *Pickering* interest-balancing framework, *see Pickering v. Board of Education*, 391 U.S. 563 (1968), and in holding that Earley was entitled to the *Mount Healthy* defense. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). We need not decide these issues, however, because we conclude that Earley is entitled to qualified immunity.

Under the doctrine of qualified immunity, government officials, such as school administrators, "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A right is "clearly established" if "it would be clear to a reasonable person in the position of the defendant that his conduct was unlawful in the situation he confronted." *Colvin v. Keen*, 900 F.3d 63, 75 (2d Cir. 2018) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (alterations omitted)). We do not "define clearly established law at a high level of generality." *City of S.F. v. Sheehan*, 135 S. Ct. 1765, 1775–76 (2015) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). Instead, clearly established law must be "particularized" to the facts of the case. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). A court need not rely on a "case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft*, 563 U.S. at 741.

We conclude that qualified immunity is appropriate here. "Whether speech by a public employee is protected from retaliation under the First Amendment begins with this question: 'whether the employee spoke as a citizen on a matter of public concern.'" *Huth v. Haslun*, 598 F.3d 70, 73-74 (2d Cir. 2010) (quoting *Garcetti,* 547 U.S. at 418). Weinstein alleges that he engaged in protected speech both when he brought a complaint to the University's Director of Compliance concerning Earley's allegedly nepotistic behavior and when he filed a labor grievance with the University. Given the "specific facts and context" of Weinstein's comments, *Doninger*, 642 F.3d at 351 (quoting *Gilles v. Repicky*, 511 F.3d 239, 244 (2d Cir. 2007)), it was objectively reasonable for Earley to believe he could decide not to reappoint Weinstein as Assistant Professor in Resident without violating Weinstein's First Amendment rights.

At the time the University decided not to reappoint Weinstein (2011), our case law indicated that for speech to be on a matter of public concern it should have "a broader public purpose" and not be merely "calculated to redress personal grievances." *Reuland v. Hynes*, 460 F.3d 409, 417 (2d Cir. 2006) (quotation omitted). By contrast, Weinstein's complaints were "personal in nature and generally related to [his] own situation," and did not expose "pervasive or systemic misconduct by a public agency." *Huth*, 598 F.3d at 74–75 (quotation omitted). Weinstein made his first nepotism allegations while disputing changes being made to the University's Innovation Accelerator Program, and subsequently when contesting the University's handling of his reappointment. In both instances, his speech was focused on the private matter of his employment, which is not a matter of public concern. *See Lewis v. Cowen*, 165 F.3d 154, 164 (2d Cir. 1999) *accord Ezekwo v. N.Y. City Health & Hosps. Corp.*, 940 F.2d 775, 781 (2d Cir. 1991). Although a speaker's motive is not "dispositive" for the public concern inquiry, *Sousa v. Roque*, 578 F.3d 164, 169 (2d Cir. 2009), given the context of Weinstein's comments, at a minimum,

4

officials "'of reasonable competence could disagree' on" whether Weinstein's speech was protected by the First Amendment. *Walczyk v. Rio*, 496 F.3d 139, 154 (2d Cir. 2007) (quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)). In such circumstances the Defendant-Appellee Earley is entitled to qualified immunity.

We have considered Weinstein's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk